# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| SHIQIANG CHEN, Individually and on Behalf of All Others Similarly Situated<br><br>v.<br><br>NQ MOBILE, VINCENT WENYONG SHI, ROLAND WU, and ZEMIN XU | § § § § § § § § § § § Civil Action No. 4:18-CV-00096<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Xiang Cao's Motion for Appointment of Lead Plaintiff and Approval of Section of Counsel (Dkt. #8). The Court, having considered the relevant pleadings and relevant case law, finds that the motion should be granted.

### BACKGROUND

On February 10, 2018, Plaintiff Shiqiang Chen filed this federal securities class action on "behalf of a class consisting of all persons and entities, other than Defendants and their affiliates, who purchased publicly traded NQ Mobile securities from March 30, 2017 through February 6, 2018" (Dkt. #1 at pp. 1–2). Five different movants filed three different motions seeking appointment as lead plaintiff(s), with their choice of lead counsel, under the Private Securities Litigation Reform Act of 1995 ("PSLRA") (Dkt. #6; Dkt #7; Dtk #8). Four movants withdrew from lead plaintiff consideration, and only one movant remains: Xiang Cao ("Cao") (*See* Dkt. # 10; Dkt #11).

### APPLICABLE LAW

The PSLRA establishes the procedure for appointing a lead plaintiff in an action "that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). The PSLRA requires that within twenty days after filing the class action, "the

plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class: (1) of the pendency of the action, the claims asserted therein, and the purported class period; and (2) that, not later than [sixty] days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 78u-4(a)(3)(A)(i). The Court must then appoint the "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). After deciding any pending motion to consolidate the related actions, the Court shall consider any motion made by a purported class member to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii).

The PSLRA requires all proposed lead plaintiffs to submit a sworn declaration to assure the Court that the proposed plaintiff: (1) has suffered financial harm; (2) is not a serial litigant; and (3) is interested and able to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(2)(A). There is then a "rebuttable presumption" that the most adequate plaintiff has: (1) either filed the complaint or made a motion in response to a notice; (2) the largest financial interest in the relief sought by the class during the proposed class period; and (3) otherwise satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption can be rebutted only when a class member offers proof that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

## ANALYSIS

Cao requests that the Court appoint him as lead plaintiff and approve his choice of lead counsel. The Court will go through the analysis of the three factors contained in Section 78u-4(a)(3)(B)(iii) to determine if Cao is presumed to be the most adequate plaintiff.

### A. Procedural Requirements

There is no dispute that Cao met the procedural requirements of Section 78u-4(a)(3)(A)(i) because he timely moved for appointment of lead counsel. The PSLRA requires plaintiffs filing a securities class action publish notice of the pendency of the suit within twenty days after the complaint is filed. Cao's notice went out on February 10, 2018. The notice informed potential plaintiffs that, if they wanted to be considered for appointment as lead plaintiff, they needed to file a motion by April 11, 2018.

After notice is filed, any party wishing to serve as lead plaintiff must file a motion within sixty days of the publication of that notice. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Any supplement or augmentation of the motion must also take place within the sixty-day deadline. *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 819 (N.D. Oh. 1999). The purpose of this requirement is to ensure that the lead plaintiff is appointed as early as possible, and to expedite the lead plaintiff process. *See, e.g.*, *In re XM Satellite Radio Holdings Sec. Litig.*, 237 F.R.D. 13 (D.D.C. 2006) (citations omitted); *In re Telxon*, 67 F. Supp. 2d at 818–19; *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, at *4 (N.D. Ill. Aug. 11, 1997) (citations omitted). Thus, compliance with the procedural requirements of the PSLRA is mandatory and should be strictly enforced. *See, e.g.*, *Skworts v. Crayfish Co.*, 2001 WL 1160745, at *5 (S.D.N.Y. Sept. 28, 2001); *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 440 (E.D. Va. 2000). Cao filed his motion on April 11, 2018. Thus, his motion is timely under Section 78u-4(a)(3)(A)(i)(II).

### B. Largest Financial Interest

If a motion is timely filed, the presumptive lead plaintiff must have the largest financial interest. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Cao argues that he has the largest financial interest of

any other movant, which is not contested by any of the movants. Therefore, the Court is satisfied that Cao has the largest financial interest.

### C. Rule 23 Requirements

Finally, if a plaintiff has timely filed a motion and asserts the largest financial interest, it must also satisfy the requirements of Federal Rule of Civil Procedure 23 to be the presumptive lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii). "For the purposes of the lead plaintiff analysis, only the typicality and adequacy prongs of Rule 23 are relevant." *Marcus v. J.C. Penney Co.*, 6:13-cv-736-RWS-KNM, Dkt. #62, slip op. at 9 (E.D. Tex. Feb. 28, 2014) (citing *Buettgen v. Harless*, 263 F.R.D. 378, 381 (N.D. Tex. 2009)). It is uncontested that Cao is the presumptive lead plaintiff because he timely moved to be appointed as lead plaintiff, he has the largest financial interest, and he meets the requirements set out in Federal Rule of Civil Procedure 23.

#### i. Typicality

Cao asserts that his claims are typical of the class. No party challenges Cao's claim of typicality. The Court is satisfied that Cao is typical of the class; in other words, he has "the same essential characteristics as those of the other class members." *Marcus*, 6:13-cv-736-RWS-KNM, Dkt. #62, slip op. at 9 (quoting *Buettgen*, 263 F.R.D. at 381).

#### ii. Fair and Adequate Representation

No party contests that Cao will fairly and adequately represent the class.

The PSLRA was passed in December 1995 in response "to significant evidence of abusive practice and manipulation by class action lawyers in private securities lawsuits." *In re Landry's Seafood Rests., Inc.*, 2000 U.S. Dist. LEXIS 7005, at *10 (S.D. Tex. Mar. 30, 2000) (citing H.R. REP. NO. 104-369, at 21 (1995), *reprinted in* 1995 U.S.C.A.A.N. 730 at 731) ("Conf. Rep."). The PSLRA expressly allows for a "person or group of persons" to be appointed lead plaintiff.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Generally, courts permit a "group of persons" to serve as lead plaintiff as long as the group will adequately represent the class. *Marcus*, 6:13-cv-736-RWS-KNM, Dkt. #62, slip op. at 11 (citing *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008)). Courts look closely to determine a group's adequacy when the group is comprised of unrelated individuals. "[W]hen unrelated investors are cobbled together, the clear implication is that counsel rather than the parties, are steering the litigation." *Buettgen*, 263 F.R.D. at 380 (alteration in original) (quoting another source) (internal quotation marks omitted). *See Accord In re Level 3 Commc'ns, Inc. Sec. Litig.*, 2009 U.S. Dist. LEXIS 44706, at *12 (D. Colo. May 4, 2009) (citing *In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 157–58 (S.D.N.Y. 1997)).

Here, the Court exercises its discretion in this case and does not bar Cao from serving as lead plaintiff of the class. The reasons behind the PSLRA are to prevent lawyer-driven litigation and to ensure that the plaintiff has the ability to actively participate in the litigation. *See In re Unumprovident Corp. Sec. Litig.*, 2003 U.S. Dist. LEXIS 24633, at *20–21 (E.D. Tenn. Nov. 6, 2003). Again, Congress was concerned that lawyers would group together professional plaintiffs who "typically owned a deminimus number of shares," which could cause the lawyers to have a larger financial interest "than the putative plaintiffs in the outcome of the action," leaving plaintiffs "with very little control over their attorneys." *See In re Alcatel Alsthom*, 1999 WL 33756548, at *3 (E.D. Tex. June 7, 1999).

Cao has a large enough interest, individually, to maintain control over his attorneys and to remain invested in the outcome of the case. The Court finds that Cao is able to fairly and adequately represent the class. Accordingly, because Cao timely filed its motion, has the largest financial interest, and satisfies the requirements of Federal Rule of Civil Procedure 23, Cao is the

presumptive lead plaintiff. Further, the presumption has not been overcome. Therefore, the Court appoints Cao as lead plaintiff in this action.

## II. Lead Counsel

Cao seeks to appoint Cohen Milstein Sellers & Toll PLLC as lead counsel for the class and MT2 Law Group as liaison counsel for the class. The Court has reviewed the resumes provided for each attorney, and is satisfied that each could adequately represent the plaintiff in this action.

## CONCLUSION

It is therefore **ORDERED** that the Xiang Cao's Motion for Appointment of Lead Plaintiff and Approval of Section of Counsel (Dkt. #8) is hereby **GRANTED**. Xiang Cao's choice of lead counsel and liaison counsel are hereby **APPOINTED**.

Therefore, Lead Plaintiff and Lead Counsel are hereby authorized to take all necessary or appropriate steps on behalf of the proposed class to protect and preserve the rights and claims of the class.

**IT IS SO ORDERED.**
**SIGNED this 31st day of May, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE